Clare K. OLSEN, Plaintiff and
Appellant,

v.

JOHN HANCOCK MUTUAL LIFE IN-
SURANCE COMPANY, a corporation,
and National Rural Electric Cooperative
Association, a corporation, Defendants
and Respondents.

No. 16778.

Supreme Court of Utah.

June 20, 1983.

D. Gary Christian, R. Kimball Mosier,
Salt Lake City, for plaintiff and appellant.

Rosemary J. Beless, Peter W. Billings, Jr.,
Raymond W. Berry, Salt Lake City, for
defendants and respondents.

PER CURIAM:

Plaintiff suffered a heart attack on July
29, 1976, while he was employed as manager
of Mt. Wheeler Corporation. On Septem-
ber 14, 1976, the employer raised plaintiff's
salary retroactively, and made the increase
effective as of July 1, 1976, as was the
employer's long standing custom. The es-
sential issue raised by plaintiff both here
and at the District Court, is whether this
retroactive pay raise was effective to in-
crease plaintiff's disability benefits under a
group insurance policy issued by defendant
John Hancock Mutual Life Insurance Com-
pany. The District Court granted summary
judgment to defendant. We affirm.

Mt. Wheeler Corporation customarily
gives raises to its employees twice a year.
The raise granted on January 1, of each
year is an automatic adjustment for cost of
living increases, while the raise granted as
of July 1 is a result of union negotiations.
The union negotiations generally extend
into August of each year, so that the in-
crease on July 1 is necessarily made retroac-
tively. After the union negotiations are
completed, Mt. Wheeler's Board of Di-
rectors customarily meets to determine sim-
ilar merit raises for its non-union employ-
ees, such as plaintiff.

In 1976, the union negotiations were not
completed until September 1, and on Sep-
tember 14, the directors of the corporation
met and granted a raise to plaintiff from
$39,309.12 to $50,000. This raise was made
retroactive to July 1, 1976. Plaintiff had
suffered a heart attack on July 29, after
which his physician had recommended that
he not return to work. In a deposition,
plaintiff testified that he had returned to

work only to clean out his desk and remove his personal effects after his heart attack. He admitted that he never again worked a full day, but said that he functioned as an advisor to the corporation during a transition period until a new manager took control. Until October 29, 1976, plaintiff was on regular vacation and sick leave. Disability benefits were paid by defendant insurance company as of November 1, 1976, and were based on his salary of $39,309.12.

Under its insurance contract with Mt. Wheeler, defendant insurance company agreed to pay disability benefits, beginning after the expiration of a 13 week qualifying period, of "50% of the monthly salary in effect immediately prior to the date of cessation of employment prior to Total Disability..."

Plaintiff contends that since July 1, 1976 was the effective date of his raise to $50,000, the disability benefits should have been based on the higher amount under the terms of the policy. Defendant, however, points to an amendment to the policy in effect on the date in question, which provides:

An increase in the amount of the employee's monthly income benefit shall become effective on the date of change in his rate of earnings; provided that he is actively at work on that date, otherwise such change in the amount of benefit shall become effective on the date on which he returns to active work.

The District Court determined that plaintiff was not "actively at work" on September 14, 1976, the date of change in his rate of earnings, and therefore plaintiff was not entitled to the increased benefits based on that salary increase. Plaintiff contends that the Court erred in this respect. He claims ambiguity between the provisions of the insurance policy, above, and relies on the rule that ambiguity should be resolved against the insurance company, it having written the contract.[1] But we find no such ambiguity in the provisions. Clearly, as defendant argues, the language of the amendment is designed to prevent an employer from giving retroactive raises to a favored employee which would be paid, not by the employer, but by the insurance company. In *Marshall v. Connecticut General Life Insurance Co.,* Mo.App., 371 S.W.2d 363 (1963), the Court, interpreting similar provisions of an insurance contract, stated:

The plain provision of the policy as set forth verbatim, supra, clearly states that any increase in benefits "on an employee not in active service" "will not be effective until the day he returns to active service." Plaintiff never did return to active service. [at 371 S.W.2d 365]

Similarly, plaintiff here never did return to active work. To rule that Mt. Wheeler's custom of giving retroactive increases to its employees entitles plaintiff to increased disability benefits would be in direct contradiction of the terms of the policy.

Plaintiff also argues that since, under the terms of the policy, he is not considered "totally disabled" until after the 13 week qualifying period expires, and he is entitled to 50% of his monthly salary in effect immediately prior to the date of cessation of employment prior to "Total Disability," that he is entitled to benefits based on the higher salary, because his salary "immediately prior" to his "total disability," on November 1, 1976, was $50,000 per year.

But the policy states that payment will be paid in the amount of 50% of the salary in effect immediately prior to the date of *cessation of employment.* Plaintiff ceased employment on the day of his heart attack, July 29, 1976, and his rate of earnings changed after that date. The date of total disability is, therefore, immaterial to this issue.

Finally, plaintiff contends that whether he was "actively at work" on the date of the change in the rate of his earnings is an issue of fact which remains to be tried at the District Court, and that Court was

1. *P.E. Ashton Co. v. Joyner,* 17 Utah 2d 162, 406 P.2d 306 (1965); *Jorgensen v. Hartford Fire Insurance Co.,* 13 Utah 2d 303, 373 P.2d 580 (1962); *Am. Cas. Co. of Redding v. Eagle Star Ins.,* Utah, 568 P.2d 731 (1977).

therefore in error in granting summary judgment to defendant under Rule 56, Utah R.Civ.P. "Actively at work" is defined in the policy as follows:

"actively at work"—an employee shall be considered "actively at work" if he reports for work on the date in question at his usual place of employment with his Employer and such usual place of employment is outside of his home, and if when he so reports he is able to perform all of the usual and customary duties of his occupation on a regular, full-time basis. *If an employee does not report,* or if his usual place of employment with his Employer is not outside of his home, *he shall be considered 'actively at work' if at any time on the date in question, he is neither (i) hospital confined, nor (ii) disabled to a degree that he could not then have reported to a place of employment outside of his home and performed all of the usual and customary duties of his occupation on a regular, full-time basis....* [Emphasis added.]

Plaintiff reasons here that since he did not report to work after his heart attack, and he was not confined to a hospital, there is a possibility he was not disabled to the extent that he could not, on or after September 14, 1976, have reported to work and performed all of the usual and customary duties of his occupation on a regular, full time basis, regardless of his doctor's advice. Plaintiff is again clutching at straws. In order to qualify for payments of benefits under the policy, plaintiff affirmed that he was totally disabled for the entire 13 week qualifying period. This fact is therefore not disputed, as it was admitted by plaintiff at the trial court that he was totally disabled after July 29, 1976, and could not thereafter return to work on a full time basis.

We find no material fact to be in dispute, and sustain the District Court's interpretation of the contract, which is a matter of law. The summary judgment granted to the defendant is therefore affirmed. Costs to defendant.

DURHAM, J., does not participate herein; BURNS, District Judge, sat.